IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOREEN SHING, <br> MAY SHING, <br><br> Plaintiffs, <br><br> v. <br><br> MARYLAND DEVELOPMENTAL <br> DISABILITIES ADMINISTRATION <br> MARYLAND DEPARTMENT OF HEALTH <br> and MENTAL HYGIENE <br><br> Defendants. | * <br> * <br> * <br> *      Civil Action No. RDB-16-683 <br> * <br> * <br> * |

**MEMORANDUM OPINION**

In their self-represented Complaint, Plaintiffs Doreen Shing and May Shing, Doreen's mother, seek damages against two Maryland state agencies, alleging personal injury caused by the State's failure to provide a full-time paid caregiver for Doreen, who is disabled.[1] From an attachment to the Complaint, the Court infers that Doreen, who is an adult born in 1991, was admitted to Howard County General Hospital on January 25, 2014 following repetitive seizures, and that her doctor believes she is at risk of severe injury or death if a caregiver is not present to assist should another seizure occur. ECF 1-2 and 1-3.

On March 11, 2016, I ordered Plaintiffs to supplement the Complaint and to complete separate Motions for Leave to Proceed in Forma Pauperis.[2] Specifically, Plaintiffs were ordered to explain whether Doreen has a court-appointed guardian or has been adjudicated unable to handle her own affairs, to explain why May was a party to this lawsuit, and to specify the steps

---

[1] Plaintiffs cite the civil rights statute, 42 U.S.C. § 1983 and 42 U.S.C. § 12111, the Americans with Disabilities Act ("ADA"), as the basis for federal jurisdiction. Plaintiffs state that Doreen, who was born with cerebral palsy, has a seizure disorder, lacks use of her left arm, and is sensitive to temperature extremes. ECF 1 at p. 3.

[2] Plaintiffs have complied. Their Motions (ECF 2 and ECF 5) are granted.

taken under the Medicare/Medicaid waiver program to obtain assistance for Doreen and the responses, if any, obtained from the agencies named in the Complaint. ECF 3.

May states that she joined this lawsuit as Doreen's mother, and has personally suffered psychological trauma and hardship following Doreen's hospitalization. She fears for Doreen's well-being because Defendants have ignored pleas for help for her daughter. ECF 4 at p. 1. Doreen indicates she "cannot perform the rigorous requirements of federal court litigation," and asks that her mother be allowed to act as her advocate. *Id.* at p. 2. In response to the requirement that they provide specific facts concerning steps taken to provide governmental assistance for Doreen, Plaintiffs have submitted an email concerning a limited assistance plan under consideration by a State agency. ECF 6 at 8.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, (1936)).

Furthermore, a court is to presume that a case lies outside its limited jurisdiction unless and until jurisdiction is shown to be proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Plaintiffs have failed to provide information sufficient to demonstrate subject matter jurisdiction with regard to Doreen Shing's need for programmatic assistance. At most, their pleadings suggest that Doreen may be unable to litigate any claim for assistance on her own without, at a minimum court-appointed counsel (and possibly a guardian ad litem).[3]

The Complaint shall be dismissed without prejudice to permit each Plaintiff to pursue her claim independently. The Court strongly suggests that Doreen Shing obtain assistance from the Maryland Disability Law Center or a similar legal assistance program to pursue any available State court remedies and to determine whether federal litigation is in her best interest.

A separate Order follows.

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[3] "Next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another.

3