IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOREEN SHING, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-16-683 |
| | | Civil Action No. RDB-17-281 |
| MARYLAND DEVELOPMENTAL | * | CONSOLIDATED CASES |
| DISABILITIES ADMINISTRATION, et al., | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* plaintiffs Doreen Shing and her mother, May Shing, ("plaintiffs") have filed an Amended Complaint against defendants the Maryland Development Disabilities Administration ("DDA"), its Budget and Expenditures Director, and the Maryland Department of Health and Mental Hygiene ("DHMH") (collectively, the "State Defendants"), alleging "benign neglect, discrimination, and gross negligence" in the State Defendants' handling of their application for increased benefits for Doreen, a disabled adult who was born with cerebral palsy and suffers from a seizure disorder.[1] (ECF No. 16.) While the record reflects that DDA has been ordered to provide plaintiff Doreen Shing with the increased Medicaid benefits which plaintiffs had requested, plaintiffs seek through this

---

[1] Plaintiffs filed a separate Complaint on January 31, 2017 against the Budget and Expenditures Director of Maryland's Development Disabilities Administration. (ECF No. 20.) Originally assigned to Judge Russell of this Court as civil action number GLR-17-281 (now, RDB-17-281), that case was consolidated with this case on February 22, 2017 because both cases involve allegations of denial of services under Maryland law and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (ECF No. 19.) By that Order, civil action number 17-281 was administratively closed and shall remain so. The causes of action alleged in the original 17-281 action (purported statutory claims under 42 C.F.R. §§ 441.740 and 441.450 are duplicative of those in the original RDB-16-683 action and, thus, will not be addressed separately.

1

action to recover separate tort damages based on DDA's handling of the application for benefits.[2]  *See* OAH Decision, ECF No. 16, Ex. 10 at 4.

Plaintiffs' Amended Complaint follows this Court's dismissal without prejudice of their original Complaint.  (ECF Nos. 7, 8.)  Plaintiffs appealed that decision to the United States Court of Appeals for the Fourth Circuit, and that Court dismissed their appeal for lack of appellate jurisdiction, but remanded the matter to this Court with instructions to permit the filing of an amended complaint.  (ECF No. 14.)  Consistent with the Fourth Circuit's Order, plaintiffs were given the opportunity to file the now-operative Amended Complaint. (ECF No. 16.)

Now pending before this Court is the State Defendants' Motion to Dismiss for lack of subject matter jurisdiction.[3]  (ECF Nos. 30, 39.)[4]  The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016).  For the reasons

---

[2] Nowhere in the Amended Complaint do plaintiffs assert that these benefits are not being provided.  *See* ECF No. 16.  Indeed, plaintiffs' Response in Opposition to Defendants' Motion states that plaintiff is currently receiving Medicare/Medicaid benefits.  (ECF No. 36 at 2.)

[3] Also pending before this Court are Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (ECF No. 21); Plaintiffs' Motion for Injunctive Relief (ECF No. 22); Plaintiffs' Motion to Treat Motion for Injunctive Relief as Separate (ECF No. 24); Plaintiffs Motion to Attach 42 USC § 1983 to the Motion for Injunctive Relief (ECF No. 26); Plaintiffs' Motion to Attach Employer of Record and Self-Directed P.A.S. Final Decision Making Powers Proof to the Motion for Injunction Relief (ECF No. 27); and Plaintiffs' Motion for Jury Trial (ECF No. 38).
  Plaintiffs' Motion for Leave to Proceed *in forma pauperis* (ECF No. 21) is GRANTED.
  In light of the result reached herein, however, Plaintiffs' Motion for Injunctive Relief (ECF No. 22), Plaintiffs' Motion to Treat Motion for Injunctive Relief as Separate (ECF No. 24), Plaintiffs Motion to Attach 42 USC § 1983 to the Motion for Injunctive Relief (ECF No. 26), Plaintiffs' Motion to Attach Employer of Record and Self-Directed P.A.S. Final Decision Making Powers Proof to the Motion for Injunction Relief (ECF No. 27), and Plaintiffs' Motion for Jury Trial (ECF No. 38) are DENIED AS MOOT.

[4] On April 21, 2017, the State Defendants filed an "Amended Motion to Dismiss So as to Apply to Both of the Consolidated Cases."  (ECF No. 39.)  The Amended Motion raises no new arguments, but merely clarifies that Defendants' Motion (ECF No. 30) applies to both the RDB-16-683 and RDB-17-281 actions.  This Court will refer to both papers as "Defendants' Motion."

stated below, the State Defendants' Motion to Dismiss (ECF Nos. 30, 39) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

**BACKGROUND**

This action arises out of the Maryland Developmental Disabilities Administration's handling of plaintiffs' application for an increase in Medicaid service benefits through the Community Pathways Home and Community-Based Services Medicaid Waiver program.[5] Although DDA initially denied plaintiffs' request for increased benefits, plaintiffs appealed that decision to the Maryland Office of Administrative Hearings ("OAH"), which, by Order dated January 5, 2016, ordered DDA to provide the additional services requested by plaintiffs. (OAH Decision, ECF No. 16, Ex. 10 at 4.)

While DDA was in the process of implementing the new benefits to Doreen, plaintiff May Shing communicated with Ms. Bonita Miller-Real, an employee of Service Coordination, Inc.,[6] in order to make a new, additional request for services. (OAH Decision, ECF No. 16, Ex. 10 at 4-5.) Ms. Miller-Real responded to plaintiff May Shing that "a different request cannot be made" while the new benefits were being implemented. (*Id.*) Based on these communications, plaintiffs filed a "Notice of Appeal – Request for Hearing" with the OAH on March 7, 2016. (OAH Decision, ECF No. 16, Ex. 10 at 1.)[7] DDA

---

[5] *See* 42 U.S.C. § 1396n; *Doe v. Kidd*, 501 F.3d 348, 351 (4th Cir. 2007). *See also* Maryland Department of Health and Mental Hygiene, Developmental Disabilities Administration, Community Pathways Waiver: http://dda.dhmh.maryland.gov/pages/community%20pathways.aspx.

[6] Service Coordination, Inc., it appears, is a private organization which participates in state benefit case management. *See* OAH Decision, ECF No. 16, Ex. 10 at 4-5.

[7] Plaintiffs filed a series of exhibits with their Amended Complaint. These exhibits were filed in paper format only. The papers will be included in the administrative record in this case. The Court notes that plaintiffs'

3

moved to dismiss the appeal, and on May 11, 2016, Administrative Law Judge Judith Jacobson conducted a hearing on the matter. (*Id.* at 2.) By a Decision dated May 17, 2016, ALJ Jacobson dismissed the appeal because Ms. Miller-Real's correspondence to May Shing was not an "action taken by DDA that is subject to appeal." (*Id.* at 7.) The Decision dismissing plaintiffs' appeal expressly notified plaintiff of her right to seek judicial review "with the circuit court for the county where the party resides…" (*Id.*)

Plaintiffs have attached to the Amended Complaint plaintiffs' Petition for Judicial Review of the OAH Decision, filed in the Circuit Court for Howard County, Maryland on May 25, 2016.[8] (ECF No. 16, Ex. 13.) Indeed, this Court takes judicial notice of the publicly-available docket in that case: *In the Matter of Doreen Shing*, Case Number 13-C-16107697, in the Circuit Court for Howard County, Maryland.[9] Plaintiffs have attached several orders of that court denying their requests for hearings, and the docket reflects that no request for hearing was granted. (ECF No. 16, Ex.'s 19, 20.) The state court action was

---

numbering of the exhibits is somewhat repetitive—i.e., there are multiple documents identified as "Exhibit 2" or "Exhibit 5." The Court has endeavored to identify these exhibits as clearly as possible.

[8] The Circuit Court for Howard County, Maryland was bound by Section 10-222 of the Maryland Administrative Procedure Act. Md. Code Ann., State Gov't § 10-222. *See also Christopher v. Montgomery Cty. Dep't of Health & Human Servs.*, 381 Md. 188, 197, 849 A.2d 46, 51 (2004).

[9] "[A] court may properly take judicial notice of 'matters of public record' and other information that, under Fed. R. Evid. 201, constitute 'adjudicative facts.'" *Auto USA, Inc. v. DHL Express (USA), Inc.*, ELH-16-3580, 2017 WL 839525, at *3 (D. Md. Mar. 3, 2017) (quoting *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015)). Pursuant to Federal Rule of Evidence 201, "a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing Fed. R. Evid. 201).

4

ultimately dismissed without prejudice on October 18, 2016.[10] It does not appear that plaintiffs sought review of that dismissal in the Maryland Court of Special Appeals.

As the above chronology indicates, on the same date that plaintiffs filed their "Notice of Appeal – Request for Hearing" with OAH—March 7, 2016—plaintiffs filed their original Complaint in this Court. (ECF No. 1.) By Memorandum Opinion and Order dated April 7, 2016, this Court dismissed without prejudice plaintiffs' original Complaint for lack of subject matter jurisdiction. (ECF Nos. 7, 8.)

Plaintiffs appealed this Court's April 7, 2016 Order to the United States Court of Appeals for the Fourth Circuit. (ECF No. 9.) By Judgement dated January 19, 2017, the Fourth Circuit dismissed their appeal for lack of appellate jurisdiction, but remanded the matter to this Court with instructions to permit plaintiffs to file an amended complaint. (ECF No. 14.) Consistent with the Fourth Circuit's Order, plaintiffs were given the opportunity to file the now-operative Amended Complaint, which was filed on January 31, 2017. (ECF No. 16.) On April 3, 2017, the State Defendants filed a motion to dismiss for lack of subject matter jurisdiction, and the matter is ripe for this Court's adjudication.

**STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the

---

[10] The Circuit Court for Howard County's Order dismissing the state court action is not attached to the Amended Complaint.

allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

In a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Sharafeldin v. Md. Dept. of Pub. Safety & Corr. Servs.*, 94 F. Supp. 2d 680, 684-85 (D. Md. 2000).

## ANALYSIS

Plaintiffs allege that the State Defendants have committed "benign neglect, discrimination, and gross negligence" in the handling of their request for increased benefits for Doreen Shing through the Maryland Developmental Disabilities Administration. (ECF No. 16.) While the record reflects that DDA has been ordered to provide plaintiff Doreen

6

Shing with the benefits which plaintiffs had requested, plaintiffs seek through this action to recover separate tort damages based on DDA's handling of the application.[11] Although plaintiffs refer to certain federal statutes and regulations in their Amended Complaint, this Court is without subject matter jurisdiction over plaintiff's claims.

Plaintiffs first invoke the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, in support of their purported federal cause of action. While a plaintiff may properly invoke federal jurisdiction through the ADA, she must also allege facts which bring her claims within the ambit of that statute. Here, while plaintiffs do refer generally to "discrimination," there are no discriminatory acts alleged in plaintiffs' several submissions. Rather, as plaintiffs' Response in Opposition to Defendants' Motion makes clear, the real targets of this action are "punitive damages for defendant's indifference and benign neglect of plaintiff which could have caused plaintiff's death" and "punitive damages for pain and suffering and undue hardship, caused by defendants to plaintiff's Mother, May Shing." (ECF No. 36 at 7.) As plaintiffs' claims for benign neglect and gross indifference are not ADA violations, but, rather, independent tort claims, the ADA does not provide a basis for federal jurisdiction in this case.

Similarly, plaintiffs' reference to a series of federal Medicaid regulations (including 42 C.F.R. §§ 431.242, 431.244, 441.450 and 441.470, and 45 C.F.R. § 160.508) does not provide a basis for federal jurisdiction over their claims. While the regulations which plaintiffs' cite are related to the State-administered Medicaid program through which plaintiff Doreen

---

[11] As noted above, nowhere in the Amended Complaint do plaintiffs assert that these benefits are not being provided. *See* ECF No. 16. Indeed, plaintiffs' Response in Opposition to Defendants' Motion states that plaintiff is currently receiving Medicare/Medicaid benefits. (ECF No. 36 at 2.)

Shing receives benefits, these regulations do not allow plaintiffs to recover "punitive damages" based on the State Defendants allegedly tortious acts.[12] *See* ECF No. 16; ECF No. 36. Plaintiffs' mere reference to these Medicaid regulations does not transform their state-law tort claims into a federal cause of action.

Having determined that there is no federal question jurisdiction in this case pursuant to 28 U.S.C. § 1331, this Court then considers whether federal jurisdiction may be exercised pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship. In this case, all parties are Maryland citizens. Thus, there is no diversity of citizenship, and Section 1332 does not provide a basis for the exercise of federal jurisdiction. Moreover, as there is no independent basis for federal jurisdiction in this case, this Court may not exercise supplemental jurisdiction over plaintiffs' state-law tort claims for indifference and benign neglect. 28 U.S.C. § 1367. In sum, this Court is without subject matter jurisdiction over plaintiffs' claims, and plaintiffs' Amended Complaint (ECF No. 16) must be DISMISSED.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF Nos. 30, 39) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: April 25, 2017      /s/
                           Richard D. Bennett
                           United States District Judge

---

[12] To be sure, a plaintiff may bring suit in federal court under the Medicaid statute to compel provision of benefits to which a plaintiff is entitled. *See, e.g., Doe v. Kidd*, 501 F.3d 348 (4th Cir. 2007). However, that is not the nature of plaintiffs' claims in the instant case.